# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JAMES COURTNEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 16-cv-1062-SMY |
| KIM BUTLER, ASST. WARDEN LASHBROOK, and TIM CHRISTIANSON, | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court following remand of the case from the United States Court of Appeals for the Seventh Circuit. *See Courtney v. Butler, et al.*, --- Fed.Appx. ---, 2019 WL 718888 (7th Cir. 2019). Plaintiff, who was previously incarcerated at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983 claiming Defendants were deliberately indifferent to his detention beyond the date he was eligible for mandatory supervised release ("MSR").

## **Proceduaral Background**

Plaintiff filed a Second Amended Complaint, alleging the following: Plaintiff proposed a suitable residence[1] months before his scheduled release but did not receive a reply. On his scheduled release date, Plaintiff was told the Chief of Parole, Tim Christianson, had determined he had violated the housing condition of release and that he was not allowed to leave on MSR.

---

[1] A condition of parole for sex offenders like Plaintiff is that they reside only at a location approved by Illinois Department of Corrections ("IDOC").

Plaintiff immediately wrote to Warden Kim Butler and Assistant Warden Jacqueline Lashbrook complaining about his illegal incarceration but did not receive a response. Plaintiff was released a year later.

Following preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915e(2)(B), this Court dismissed Plaintiff's claims against Defendants with prejudice, finding Plaintiff's allegations were vague, conclusory, and assumed Defendants' culpability based solely on their positions of power. Plaintiff appealed.

On appeal, the Seventh Circuit concluded that Plaintiff stated viable claims against: (1) Butler and Lashbrook, alleging that they knew he was being unlawfully detained beyond his release date and did not nothing in response; and (2) Christianson, alleging that he made the decision to return Plaintiff to custody on his release date. As a result, judgment was reversed and the case remanded for further proceedings on Plaintiff's Eighth Amendment and Fourteenth Amendment substantive due process claims. In remanding the case, the Seventh Circuit directed the Court to determine whether Plaintiff's claims are more appropriately analyzed under the Eighth Amendment or substantive due process, noting that this "difficult question" had not yet been resolved by the Appellate Court.

**Discussion**

Based on the allegations of the Second Amended Complaint, and consistent with the remand order, the Court designates the following Counts.

   Count 1: Defendants Butler and Lashbrook violated Plaintiff's rights under the Eighth or Fourteenth Amendment by detaining him past his expected MSR date.

   Count 2: Defendant Christianson violated Plaintiff's rights under the Eighth or Fourteenth Amendment by failing to release him on his expected MSR date.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[2]

Consistent with the remand order, the Court finds that Plaintiff has sufficiently stated Eighth and/or Fourteenth Amendment claims against Defendants. However, at this early stage in the litigation, the Court declines to determine whether Plaintiff's claims should be considered under the Eighth or Fourteenth Amendment. That question is more appropriately considered based on a more fully developed record and with the benefit of briefing from the parties.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **BUTLER**, and **LASHBROOK** and **COUNT 2** shall receive further review as to **CHRISTIANSON**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **BUTLER**, **LASHBROOK**, and **CHRISTIANSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: March 25, 2019**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**