IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES COURTNEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-1062-SMY-RJD |
| KIM BUTLER, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 63). For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff filed his Complaint in this action on September 21, 2016 pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff's Complaint was dismissed on January 9, 2017 after threshold review, and Plaintiff was granted leave to file a First Amended Complaint (Doc. 5). Plaintiff filed his First Amended Complaint on January 27, 2017 (Doc. 8). On May 30, 2017, after a threshold review, Counts 1 and 2 were dismissed without prejudice, and Count 3 was dismissed with prejudice (Doc. 10). Again, Plaintiff was granted leave to file an amended complaint. Plaintiff filed a Second Amended Complaint on June 22, 2017 (Doc. 17). The Second Amended Complaint was dismissed with prejudice on October 30, 2017 after the Court's threshold review (Doc. 22). Plaintiff appealed the dismissal to the Seventh Circuit, which remanded the case for proceedings on Plaintiff's Eighth Amendment and substantive due process

claims against Defendants Butler, Lashbrook, and Christianson (Doc. 33).

Relevant to these claims, Plaintiff alleges he was detained beyond his mandatory supervised release date ("MSR") despite having proposed a suitable residence months before the same. Plaintiff wrote to Butler and Lashbrook to notify them about his alleged illegal incarceration, but he never received a response. Plaintiff remained incarcerated for one year beyond his MSR.

In his motion for leave to file a third amended complaint, Plaintiff seeks to add Salvador Godinez, Director of the Illinois Department of Corrections ("IDOC"), and Rick Harrington, Warden of Menard, as named defendants in his Fourteenth Amendment and Eighth Amendment claims. Plaintiff also seeks to add a procedural due process claim pursuant to the Fifth and Fourteenth Amendments against all defendants (Butler, Lashbrook, Christianson, Godinez, and Harrington).

Defendants object, asserting such amendments are futile based on the statute of limitations. Defendants also assert that Plaintiff's proposed amendments would cause them undue prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of

Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted).  A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility.  *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

## Discussion

Defendants contend Plaintiff's motion to amend should be denied because the proposed amendments are futile based on the statute of limitations, and because allowing the amendments would cause undue prejudice.

With regard to undue prejudice, Defendants assert they have already filed an answer to Plaintiff's Second Amended Complaint.  Notably, Defendants do not argue that the proposed amendments would require significant duplication or expansion of discovery in this matter, and the Court does not find any evidence of the same.  Because this matter is in the early stages of discovery, requiring Defendants to answer a substantially similar complaint is not unduly prejudicial.  The focus of Defendants' argument appears to be on the statute of limitations defense.  The Court finds, however, that such argument is better suited for a motion to dismiss that will allow for more robust briefing on the issues.  For these reasons, Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 63) is **GRANTED**.  Plaintiff is directed to file his Third Amended Complaint in a separate docket entry by October 11, 2019.

**IT IS SO ORDERED.**

**DATED: October 9, 2019**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
