IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES COURTNEY,                          )
                                         )
     Plaintiff,                        )
                                         )
     v.                                )     Case No.   16-cv-1062-RJD
                                         )
KIM BUTLER, et al.,                      )
                                         )
     Defendants.                       )

## ORDER

**DALY, Magistrate Judge:**

    This matter is before the Court on Plaintiff's Motion to Continue Discovery due to Continued Non-Compliance by IDOC/Menard Correctional Center and for Costs (Doc. 121).   For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

### Background

    Plaintiff filed his Complaint in this action on September 21, 2016 pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").   Plaintiff alleges he was detained beyond his mandatory supervised release date ("MSR") despite having proposed a suitable residence months before the same.   Plaintiff wrote to Butler and Lashbrook to notify them about his alleged illegal incarceration, but he never received a response.   Plaintiff remained incarcerated for one year beyond his MSR.

    By way of background, in November 2019, Plaintiff issued subpoenas to Menard and IDOC to produce "All documents relating to the release of inmates on parole or MSR to a halfway house located in East St. Louis during the period of 1 year after James Courtney's originally

scheduled MSR release date."   Plaintiff was met with some difficulty in obtaining this information and, on July 13, 2020, the undersigned ordered Menard and IDOC to review the files of 14 inmates identified in response to this subpoena request and produce relevant documents to Plaintiff by July 27, 2020.

In the motion now before the Court, Plaintiff asserts that Menard ultimately produced a chart showing that 14 other inmates were released to Another Chance Ministries from the time Plaintiff should have been released until he was discharged due to the expiration of his sentence. Plaintiff then noticed a Rule 30(b)(6) deposition of Menard.   Menard produced Shelly Cartwright to testify to "What halfway houses existed in Illinois to which inmates might be released on parole or MSR from October 2013 to October 2014, including but not limited to Another Chance Ministries in East St. Louis."   Ms. Cartwright responded that "To [her] knowledge, IDOC did not have any state vendors for anybody that was a sex offender. They have lost their state vendors" (Doc. 121-4 at 3).   Ms. Cartwright also stated that Another Chance Ministries was not receiving sex offenders in October of 2013 through October of 2014.   Plaintiff argues this testimony was false as demonstrated by documents produced after Ms. Cartwright's deposition showing that offenders like Plaintiff could be released to Another Chance Ministries in 2013 and 2014.

Plaintiff asserts he was denied the right to adequately examine a witness on this critical issue because Menard/IDOC did not: (a) produce the relevant documents expressly requested by the subpoena in contravention of Rule 45; and (b) produce a witness with sufficient knowledge in contravention of Rule 30(b)(6).   Plaintiff complains there is a pattern of noncompliance and reticence in this case.   Plaintiff requests that he be permitted to take a follow-up deposition of Ms. Cartwright and complete a Rule 30(b)(6) deposition of a designee of IDOC so that he may fully discover the facts relevant to this issue.

Menard and IDOC object to Plaintiff's motion.  In their response, Menard and IDOC explain they are separate entities and Plaintiff only noticed a Rule 30(b)(6) deposition for Menard. Counsel represents that prior to Ms. Cartwright's deposition he contacted counsel for Plaintiff to make him aware of Menard's limited corporate knowledge of parole decisions.  Counsel for Menard and IDOC represent that at her deposition, Ms. Cartwright informed Plaintiff's counsel that the Parole Reentry Group ("PRG") is separate from Menard and they know who the state vendors are.  Following the deposition, counsel for IDOC and Menard requested and produced from PRG transitional housing reports for 2013 and 2014.  These documents show that sex offenders were paroled to Another Chance Ministries in 2013 and 2014.

Counsel for Menard and IDOC object to Plaintiff's request to take a follow-up deposition of Menard's designee because it would be repetitive and not produce any further relevant testimony.  The Court agrees.  Ms. Cartwright was produced as a corporate representative for Menard, not the IDOC.  As such, the Court would expect Ms. Cartwright to have limited knowledge of parole decisions and parole housing.  Further, it appears that the purported statements made by Ms. Cartwright were simple errors and not intentional or made in bad faith.

The Court, however, will allow Plaintiff to take a deposition of a designee of IDOC to fully explore the issues related to halfway houses that offenders similar to Plaintiff could have been released to on parole/MSR.  The Court shall not order IDOC or Menard to pay costs and attorney's fees as it does not find any bad faith on the part of IDOC or Menard.  Plaintiff shall complete said deposition by **December 18, 2020.**

In light of this Order, the dispositive motion deadline is set for **January 18, 2021**.  Insofar as there is a dispute concerning the timeliness of written discovery requests served on Defendants, the parties should bring that dispute to the Court following the undersigned's discovery dispute

case management procedures.

**IT IS SO ORDERED.**

**DATED: November 17, 2020**

_s/_ _Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**