IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES COURTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  16-cv-1062-RJD |
| | ) | |
| KIM BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

     This matter is before the Court to address a discovery dispute concerning Plaintiff's service of a second set of interrogatories on Defendants Butler, Godinez, Harrington, and Lashbrook. These interrogatories were served on Defendants on September 29, 2020. At the time these interrogatories were served, discovery was set to close on October 8, 2020.[1] Defendants have objected to the interrogatories on the basis of timeliness, asserting all discovery requests must be served in sufficient time to permit the full thirty days for responses. Although Defendants are correct that the service of these requests was not within the required 30-day timeframe, the Court finds good cause for the allowance of these requests and **OVERRULES** Defendants' objection on this basis for the following reasons.

     It appears the second set of interrogatories served on Defendants focuses primarily on grievances and letters drafted by Plaintiff and submitted to or reviewed by Defendants. These documents were provided to counsel for Plaintiff around February 2020. Counsel for Plaintiff explains the importance of these documents was not discovered until the Rule 30(b)(6) deposition

---

[1] The discovery deadline has not been extended in its entirety; however, the Court granted an extension of time, up to and including December 18, 2020 for Plaintiff to complete a Rule 30(b)(6) IDOC deposition.

of Menard's corporate representative Shellie Cartwright was completed on September 11, 2020. Soon thereafter, around September 28, 2020, counsel for Plaintiff corresponded with counsel for Defendants indicating his intent to conduct a deposition by written question on Defendants.  In lieu of a deposition by written question, Plaintiff served a second set of interrogatories now before the Court.  While the Court is mindful of Defendants' position, it finds Plaintiff acted reasonably in attempting to conduct a deposition by written question due to the COVID-19 pandemic and the issues it necessarily creates for counsel to conduct and complete in-person depositions, and, although counsel likely should have sought such depositions sooner, the delay in this instance appears warranted, particularly in light of the fact that Plaintiff's attempts to obtain full discovery from non-party entities IDOC and Menard have been difficult and delayed.

For these reasons, Defendant Butler, Godinez, Harrington, and Lashbrook's objection to Plaintiff's second set of interrogatories on the basis of timeliness is **OVERRULED**.  Defendants shall supplement their answers by **January 6, 2021**.

**IT IS SO ORDERED.**

**DATED: December 7, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**