IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES COURTNEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KIMBERLY BUTLER,<br>JACQUELINE LASHBROOK,<br>SALVADOR GODINEZ, and<br>RICK HARRINGTON,<br><br>　　　　Defendants. | Case No. 3:16-CV-1062-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration of the Court's Order Denying Motion for Leave (Doc. 129) and a Motion for Summary Judgment (Doc. 131) filed by Defendants Kimberly Butler, Jacqueline Lashbrook, Salvador Godinez, and Rick Harrington. Plaintiff James Courtney filed timely responses in opposition to both motions, and Defendants filed a reply in support of summary judgment. (Docs. 134, 138, 143). For the reasons set forth below, the Court grants Defendants' Motion for Reconsideration and finds that the claims advanced by Courtney are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, they are dismissed without prejudice.

### PROCEDURAL AND FACTUAL BACKGROUND

The events at issue in this case began nearly a decade ago. In May 2012, Courtney was sentenced to three years in prison and one year of mandatory supervised release (MSR) by the Circuit Court of Marion County, Illinois, after violating his parole for failing to register as a sex offender. (Docs. 132-1; 132-2). The Marion County sentence was to run concurrently

with a sentence handed down the same month in Hamilton County, Illinois. (*Id.*; Doc. 132-4).

On May 18, 2012, Courtney entered the Illinois Department of Corrections at Menard Correctional Center. (Doc. 132-1). His projected "out date" was October 5, 2013. (Doc. 132-5). But on October 4, 2013, the Prisoner Review Board determined Courtney had not provided a suitable host site where he could be monitored electronically per the terms of his MSR. (Doc. 132-6 at p. 2). A warrant was issued for his arrest for violating the terms of his MSR, and instead of being released to a host site for his term of MSR, Courtney signed an "Electronic Detention Program Agreement," which stated he would be residing at "Menard C.C." (*Id.* at pp. 5-6).

On November 7, 2013, Courtney signed a Parole Violation Report, waiving his preliminary hearing in favor of a full revocation hearing before the Prisoner Review Board. (Doc. 132-6). The hearing was scheduled for November 14, 2013. (*Id.*) On that day, the Prisoner Review Board entered an order revoking Courtney's MSR for violating his terms. (Doc. 132-12). The order further stated that his release would be "effective upon the approval of a viable host site as determined by IDOC." (*Id.*).

Upon realizing he would not be leaving Menard, Courtney wrote myriad grievances and kites to Defendants claiming he was being held hostage and had a good parole site that was not investigated. The parties largely dispute the details of these documents, including whether Defendants received them, addressed them, or ignored them. Courtney was released from Menard on October 3, 2014. (Doc. 138-11).

On September 21, 2016, Courtney filed his initial Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). After the Court[1] performed a

---

[1] At that time, the case was assigned to District Judge Staci M. Yandle.

threshold review pursuant to 28 U.S.C. § 1915, the Complaint was dismissed without prejudice. (Doc. 5). Courtney filed a First Amended Complaint, then a Second Amended Complaint, both which also were dismissed for failure to state a claim. (Docs. 8, 10, 17, 21). Courtney appealed the dismissal of his Second Amended Complaint, and on February 13, 2019, the Seventh Circuit Court of Appeals reversed the district court's judgment and remanded the matter for further proceedings on Courtney's Eighth Amendment and substantive due process claims. (Doc. 33-1).

With the assistance of recruited counsel, on October 11, 2019, Courtney filed his Third Amended Complaint alleging violations of his right to procedural and substantive due process under the Fifth and Fourteenth amendments, as well as cruel and unusual punishment under the Eighth Amendment. (Doc. 69). Among other things, Courtney claimed he was "wrongfully detained beyond his scheduled MSR release date," that his incarceration was "wrongfully prolonged," and there was "no legal basis for his continued incarceration." (*Id.*).

On December 9, 2019, Defendants answered the Complaint and asserted Qualified Immunity, Absolute Immunity, Sovereign Immunity, and the Statute of Limitations as affirmative defenses. (Doc. 80). On March 23, 2020, Defendants moved for leave to amend their answer to assert an affirmative defense that Courtney's claims were barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 97). Under *Heck*, an individual seeking damages under 42 U.S.C. § 1983 for an unconstitutional conviction or sentence must have that conviction or sentence reversed on appeal or otherwise declared invalid before his Section 1983 claim can proceed. *Heck*, 512 U.S. at 486-87. Defendants explained that on January 7, 2020, the Seventh Circuit issued its decision in *Savory v. Cannon*,

947 F.3d 409 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 251 (2020), which abrogated and/or overruled a line of Seventh Circuit cases regarding the accrual of Section 1983 claims in light of *Heck*. In particular, Defendants stated that they had relied on the now-abrogated case of *Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017), in not asserting the *Heck* bar as an affirmative defense. Courtney opposed the amendment, arguing that *Heck* did not apply because he was not challenging the constitutionality of his underlying criminal conviction. (Doc. 98). Thus, because the amendment would be futile, Defendants' motion for leave to amend should be denied. (*Id.*). The Magistrate Judge assigned to the case at the time agreed with Courtney and denied the motion for leave to amend. (Doc. 111).

On January 19, 2021, Defendants asked the Court to reconsider its refusal to allow them to amend their answer and affirmative defenses. (Doc. 129). That same day, they moved for summary judgment on the merits of Courtney's claims. (Doc. 131). After the motions were fully briefed, the case was transferred to the undersigned. (Doc. 144).

## DISCUSSION

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* Therefore, "when a state prisoner seeks damages in a § 1983 suit, the district court must

consider whether a judgment in [his] favor . . . would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "The *Heck* bar accounts for the preclusive effect of state court criminal judgments on civil litigation by lifting the bar only when the plaintiff has achieved a favorable termination of the criminal proceeding." *Savory*, 947 F.3d at 419.

Prior to the Seventh Circuit's opinion in *Savory*, the Court of Appeals had held that in all cases where habeas relief is unavailable, Section 1983 must provide an avenue of relief. *See DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000) ("Because federal habeas relief is not available to Mr. DeWalt, the language of § 1983 and the Court's decision in *Preiser*[2] dictate that he be able to proceed on his § 1983 action."). Thus, at the time Defendants filed their answer to the Third Amended Complaint in December 2019, Courtney, who had been released from prison and thus was foreclosed from habeas relief, could bring his claims in a Section 1983 action.

In *Savory*, however, the Seventh Circuit recognized its mistake:

> *Heck* controls the outcome where a section 1983 claim implies the invalidity of the conviction or the sentence, regardless of the availability of habeas relief. Claims that relate only to conditions of confinement and that do not implicate the validity of the conviction or sentence are not subject to the *Heck* bar. We disavow the language in any case that suggests that release from custody and the unavailability of habeas relief means that section 1983 must be available as a remedy.

*Id.* at 430-31.

*Savory* abrogated *DeWalt* and several other cases, and it overruled *Whitfield v. Howard*, 852 F.3d 656 (7th Cir. 2017), where the court found a former prisoner could pursue a Section

---

[2] *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

1983 claim challenging prison disciplinary proceedings that led to loss of good time credits without first obtaining a favorable termination of those proceedings. *Id.* at 425. *Savory* recognized that the "good faith but unsuccessful pursuit of collateral relief does not relieve [a prisoner] of *Heck*'s favorable termination requirement." *Id.* at 426.

On remand, the district court in *Whitfield* noted that the Seventh Circuit in *Savory* "established a bright line rule: A 42 U.S.C. § 1983 claim which implies the invalidity of a conviction or sentence cannot proceed until *Heck*'s favorable termination requirement is satisfied, regardless of the availability of collateral relief or the diligence in pursuing that relief." *Whitfield v. Althoff*, No. 13-CV-3192, 2020 WL 4275256, at *2 (C.D. Ill. July 24, 2020).

In this case, Defendants filed their answer to the Third Amended Complaint on December 9, 2019, less than one month before *Savory* was decided. Because habeas relief was unavailable to Courtney, who was no longer incarcerated when he filed his lawsuit, it was reasonable for Defendants not to assert *Heck* as an affirmative defense in their answer. But they should have been permitted to amend their affirmative defenses after *Savory* was handed down, and the denial of their motion for leave to amend constitutes a manifest error of law. Accordingly, Defendants' motion for reconsideration is granted.

The question now is whether *Heck* applies to bar Courtney from bringing his claims in this case. Courtney argues it does not, as he is not challenging his underlying conviction or sentence. Rather, he states, he is "challenging the administration of his release after serving his full sentence." (Doc. 134 at p. 3). Courtney cited to one district court case from Louisiana in arguing Defendants should not be permitted to amend their answer to add a *Heck* defense and, while he distinguished Defendants' case law in their motion for reconsideration, he offered no controlling case law in support of his position. He then incorporated these

arguments on summary judgment and offered nothing new for the Court to consider.

The problem with Courtney's argument is that MSR was *part* of his sentence, not separate from it. This is so well established that Courtney's suggestion to the contrary is disingenuous. *See United States v. Haymond*, 139 S. Ct. 2369, 2379 (2019) ("The defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime."); *United States v. Leiva*, 821 F.3d 808, 821 (7th Cir. 2016) ("Supervised release is part of the overall sentence."); *Lee v. Findley*, 835 N.E.2d 985, 988 (Ill. App. 4th Dist. 2005) (parole/mandatory supervised release is a continuation of custody and part of the sentence); *Stepney v. Johnson*, No. 14 C 3548, 2016 WL 5720367, at *5 (N.D. Ill. Oct. 3, 2016) (a sentence is discharged only when the inmates completes his MSR term; the inmate remains in the *legal* custody of the IDOC while on MSR, regardless of whether they are in the IDOC's *physical* custody).

Because MSR was part of Courtney's sentence, the question becomes: would a judgment in his favor necessarily imply the invalidity of it? The Court finds that it would. Courtney seeks money damages for Defendants' deliberate indifference to his "wrongful captivity." He also claims they violated his due process rights, leading to his wrongful detainment beyond his scheduled MSR date. A judgment in favor of Courtney would mean the revocation of his supervised release was invalid and he, indeed, was wrongfully detained. Thus, his claims are barred by *Heck*.

At least one district court case in this Circuit prior to *Savory* demonstrates its application here. In *Pickens v. Moore*, the plaintiff filed a Section 1983 suit alleging his due process rights under the Fourteenth Amendment were violated when a parole officer filed a false report with the Prisoner Review Board, which caused him to be wrongfully incarcerated

for an extra nine months. *Pickens v. Moore*, 806 F. Supp. 2d 1070, 1072 (N.D. Ill. 2011). The defendant asserted that *Heck* barred the plaintiff's claim. *Id.* In analyzing the application of *Heck*, the court first noted that "the fact that Pickens challenges his revocation of parole rather than his underlying conviction or sentence does not bring him out from under *Heck*. *Id.* at 1074 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000)). Moreover, the nature of the plaintiff's claim placed it squarely within the type of claims blocked by *Heck* because he was challenging the fact and duration of his confinement resulting from the revocation of his parole. *Id.* Yet, because the plaintiff was a former inmate for whom habeas relief was now unavailable, *Heck*'s favorable termination requirement did not bar plaintiff's Section 1983 claims. *Id.* at 1075. Of course, the Seventh Circuit case on which the district court relied in coming to this conclusion, *DeWalt*, was abrogated by *Savory*.

A review of the cases cited by Courtney in support of the merits of his case further reveals why *Heck* was not an issue in those cases as it is here. In *Figgs*, the Prisoner Review Board vacated its MSR violation order and Figgs's release date was recalculated correctly. *Figgs v. Dawson*, 829 F.3d 895, 901 (7th Cir. 2016). Only then did Figgs file suit. *Id.* In *Burke*, the plaintiff's sentence was administratively modified by DOC personnel to reflect credit for 8 months and 8 days of jail time. *Burke v. Johnston*, 452 F.3d 665, 666 (7th Cir. 2006). Only then did Burke file suit. *Id.* In both of those cases, *Heck*'s favorable termination requirement was satisfied before the plaintiff sought relief under Section 1983.

True, as stated in *Savory*, the favorable termination requirement likely means "some valid claims will never make it past the courthouse door." *Savory*, 947 F.3d at 428. That may be the case for Courtney. But in setting this high bar, the Supreme Court "sought to avoid

parallel litigation on the issue of guilt, preclude the possibility of conflicting resolutions arising out of the same transaction, prevent collateral attacks on criminal convictions through the vehicle of civil suits, and respect concerns for comity, finality and consistency." *Id.* (citing *Heck*, 512 U.S. at 485–86). Because *Heck* bars Courtney's claims, the Court **DISMISSES all claims without prejudice**.

The Court **GRANTS** the Motion for Reconsideration (Doc. 129) and **DENIES as moot** Defendants' Motion for Summary Judgment (Doc. 131). The Court **DIRECTS** the Clerk of Court to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   August 16, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**